**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
**  for the District of Columbia**
**400 6th Street, N.W.**
**Washington, DC 20001**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| | ) |
| 101 41ST ST., NE, LLC, | ) **Case No. 24-00135-ELG** |
| | ) |
| Debtor and Debtor-in-Possession. | ) **Chapter 11** |
| | ) |
| | ) |
| In the Matter of | ) |
| | ) |
| 2100 15ST ST., SE, LLC, | ) **Case No. 24-00136-ELG** |
| | ) |
| Debtor and Debtor-in-Possession. | ) **Chapter 11** |
| | ) |
| | ) |

**OBJECTIONS OF THE DISTRICT OF COLUMBIA TO DEBTOR'S MOTION**
**TO SELL REAL PROPERTY FREE AND CLEAR OF ANY AND ALL**
**LIENS AND INTERESTS PURSUANT TO 11 U.S.C. 363(f)**

    **COMES NOW** the District of Columbia ("District"), through the Office of the Attorney General for the District of Columbia, and files its Objections to Debtor's Verified Motion To Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C 363(f) ("Debtor's Motion to Sell"). In support thereof, the District states as follows:

**I. JURISDICTION**

    (1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1104, *et seq.* This is a core proceeding pursuant to 28 U.S.C.

§ 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District files this action through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

(3) Debtor 101 41st ST NE, LLC ("101 41st") is located at 101 41st Street, NE, Washington, DC 20019. 101 41st is a single asset real estate limited liability company organized under the laws of the District of Columbia with a principal place of business located in the District. 101 41st owns a 100 percent fee simple interest in the Property which is a four-story apartment building with 16 units.

(4) Debtor 2100 15st ST SE, LLC ("2100 15th") is also a single asset real estate limited liability company organized under the laws of the District of Columbia with a principal place of business located in the Districts. 2100 15th owns a 100 percent fee simple interest in the Property which is an apartment building with 15 units.

(5) Collectively, 101 41st and 2100 15th shall be referred to as Debtors.

## III. STATEMENT OF FACTS

### Preliminary Statement

(6) On April 24, 2024, Debtors filed their petition seeking bankruptcy protection under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Debtors filed their Motion to Sell on May 20, 2024, and on May 21, 2024, filed motions requesting an expedited

hearing. On May 22, 2024, the Court granted the motions to expedite, ordered any Objections to the Motions to Sell to be filed by June 3, 2024, by 4:00 p.m., and set a hearing for Tuesday, June 5, 2024, at 10:00 a.m.

(7) Debtors failed to notify a broad range of creditors regarding these bankruptcy filings and Motions to Sell in order to permit creditors and/or parties in interest to have notice of an opportunity to object resulting in the denial of due process that should be accorded such parties in a single asset real estate case where the only asset is the real property. Further, questions exist concerning the member of the limited liability companies and relationship with other limited liability companies recently placed in bankruptcy and the merits of this transaction. Accordingly, the District objects to Debtors' Motions to Sell and believes that an opportunity to investigate these proposed sales is appropriate.

## IV. ARGUMENT

(8) Questions abound concerning the good faith filing of these bankruptcies and Debtors' Motions to Sell. According to the Chapter 11 petition, Mr. Jasper Nylen is the sole member of both Debtors. The Resolutions authorizing Debtors' filing of their bankruptcies have identified Mr. Nylen as "sole member" who is accorded authority to sign bankruptcy petitions. Docket Entry No. 1 at 6.

(9) The proposed sales concern two residential buildings that are occupied by tenants. The tenants are creditors to both bankruptcies, which were filed on April 24, 2024. The Motions to Sell were filed on May 20, 2024, the Motions to Expedite were filed on May 21, 2024, and the Order granting both Motions to Expedite was issued on May 22, 2024, with objections due by June 3. The tenants are lay people who receive notices through U.S. Mail. Accordingly, it is unlikely that the tenants have received notice of the Motions to Sell, the Order granting the

Motions to Expedite, and attendant objection deadline. Given that the proposed sales affect the ownership of the Properties at which they live and where they have potential claims as creditors, at the very least this process needs to be halted to give the tenants the right to be notified and to object.

(10) Further, the District has serious concerns about the purported arms-length nature of the proposed Sales. The District learned of Mr. Nylen in 2021, when he was identified as a business associate of Ali Razjooyan. The District interviewed Mr. Razjooyan under oath and asked him what his interest in 2100 15th was. Mr. Razjooyan stated that he facilitated the owner's purchase of the property, and he identified Mr. Nylen as the person behind the purchasing entity, 2100 15th. Mr. Razjooyan testified that he was paid either $20,000 or $25,000, as a consulting fee for Mr. Nylen's ability to purchase 2100 15th St SE. In that same interview, Mr. Razjooyan stated that he negotiated another property purchase for Mr. Nylen, where Mr. Razjooyan located and "secured" the property for Mr. Nylen in exchange for a significant consulting fee.

(11) Mr. Razjooyan and Mr. Nylen are also connected with respect to at least one other Debtor currently before this court, 945 Longfellow ST NW, LLC. According to District records, Jesper Nylen organized 945 Longfellow ST NW, LLC, the Chapter 11 bankruptcy proceedings of which are before this Court in Case No. 24-00181. That Chapter 11 petition, however, has been filed by Mr. Razjooyan, where he is identified as the "duly authorized manager" of the Debtor 945 Longfellow ST NW, LLC.

(12) Similarly, the proposed purchaser of Debtor 945 Longfellow ST NW, LLC, is also District Housing, LLC, the proposed purchaser of both Debtors in these matters. The Purchase and Sale Agreements in these two related matters are signed by Michael Taylor on behalf of District Housing, LLC. However, in Case No. 24-00181, the Purchase and Sale Agreement is

signed by Richard Balles on behalf of District Housing, LLC. Mr. Balles was also identified as a proposed purchaser in six (6) other bankruptcies with similar Motions to Sell and expedited objection periods where Mr. Razjooyan was involved in organizing the Debtor and where the Debtor's representative alleged that Mr. Razjooyan's malfeasance necessitated the Debtor's bankruptcy petition. On Friday, May 31, 2024, the District participated in Creditor's meetings in these 6 additional bankruptcies, and during those meetings, the representative of each relevant Debtor indicated that Mr. Razjooyan brought the proposed purchaser – Mr. Balles – to the Debtor. Additionally, the representative of each relevant Debtor stated that Mr. Razjooyan at one point was 50% owner of each relevant Debtor; however, within the last few months, Mr. Razjooyan transferred his 50% ownership interest to the other owner without any compensation. These statements were made under oath by the Debtor's representative in each of the six creditors' meetings. The District seeks time to explore whether this proposed sale is, in fact, an arms-length transaction

   WHEREFORE, the District of Columbia objects to Debtors' Motions to Sell.

Date: June 3, 2024

         Respectfully submitted,

         BRIAN L. SCHWALB
         Attorney General for the District of Columbia

         DAVID FISHER
         Deputy Attorney General, Commercial Division

         _____/s/ William Burk_____
         William Burk, Section Chief,
         Land Acquisition and Bankruptcy

_____/s/ Nancy L. Alper_____
NANCY L. ALPER (DC Bar 411324)
Senior Assistant Attorney General
400 6th Street, N.W.
Washington, DC  20001
(202) 724-8122
Nancy.alper@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Objections of the District of Columbia to Objections to Debtor's Verified Motion To Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C 363(f) was filed and served electronically through the Court's electronic case filing system, this 3rd day of June, 2024.

_____/s/ Nancy L. Alper_____
Nancy L. Alper